UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SOFOWORA, ) | 1:08-CV-01177 JMD HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITION FOR WRIT OF |
| ) | HABEAS CORPUS |
| ) | |
| ) | ORDER DIRECTING CLERK OF COURT TO |
| v. ) | ENTER JUDGMENT |
| ) | |
| ) | CERTIFICATE OF APPEALABILITY NOT |
| ) | REQUIRED |
| MICHAEL CHERTOFF, et al., ) | |
| ) | ORDER DENYING PETITIONER'S |
| Respondents. ) | EMERGENCY MOTIONS AS MOOT [Docs. |
| ) | No. 29, 31, 33, 34] |

Edward Sofowora (hereinafter "Petitioner") is currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition alleges that the continued, indefinite detention of Petitioner violates his Constitutional rights. Petitioner is currently being detained at the Yuba County Jail in Marysville, California and has been in ICE custody since March 29, 2004.

Pursuant to Title 18 U.S.C. section 636(c)(1), Petitioner and Respondent have consented to Magistrate Judge jurisdiction for all further proceedings, including the entry of final judgment. (Consent to Jurisdiction by US Magistrate Judge, ECF Nos. 14, 18.)

**FACTUAL SUMMARY AND PROCEDURAL BACKGROUND**

Petitioner is a native of Nigeria who entered the United States in 1976 on an F-1 student visa. (Pet. at 3.) Petitioner was served with a Notice to Appear in 1976. An order to show cause was issued against Petitioner on June 28, 1988. Venue for the hearing was changed in October 1988 from El Paso, Texas, to Los Angeles, California. At a November 1988 hearing, Petitioner conceded

1  deportability and requested a suspension of deportation, voluntary departure, asylum, and
2  withholding of deportation.  Petitioner failed to appear at the next proceeding on January 5, 1989
3  before an immigration judge.  The immigration judge held the hearing in absentia and ordered
4  Petitioner deported to Nigeria pursuant to 8 U.S.C. § 1251(a)(2).  Petitioner appealed the
5  immigration judge's decision to the Board of Immigration Appeals ("BIA"), which dismissed the
6  appeal.

7       Petitioner filed a motion to reopen his case in May 2004, which the Board denied as untimely
8  in July 2004.  Petitioner filed an additional motion to reopen his case in October 2004, which was
9  denied in December 2004.  Petitioner then filed a petition for review with the Ninth Circuit Court of
10 Appeals.

11      In addition to the instant petition, Petitioner has filed several other petitions for writ of habeas
12 corpus in this judicial district, asserting that his detention post-removal order was unconstitutional.
13 In *Sofowora v. Ashcroft, et al.,* 05-CV-00043 OWW-TAG (HC) and *Sofowora v. Gonzales, et al.*,
14 06-CV-00242 OWW TAG (HC), the district court dismissed the petition.  Petitioner appealed both
15 decisions to the Ninth Circuit Court of Appeals, case numbers 06-15150 and 06-17150.  Prior to the
16 Ninth Circuit adjudication of Petitioner's previous claims, Petitioner filed this instant habeas petition
17 on August 12, 2008.

18      On October 7, 2008, the Court ordered Respondent to submit an answer addressing the merits
19 of Petitioner's claims.  On December 10, 2008, Respondent submitted an answer on the merits in
20 addition to moving the Court to stay the petition while Petitioner pursued his appeals and petition for
21 review in the Ninth Circuit.

22      On January 8, 2010, the Court ordered Respondent to apprise the Court of Petitioner's current
23 situation, including the status of the Ninth Circuit proceedings.  Respondent filed a supplemental
24 brief on February 10, 2010.[1]

25 \\\
26 \\\

---

28  [1] Respondent filed an identical brief on February 16, 2010 as an amended supplement brief.  The only difference between the two filings is that Respondent has attached the decision by the Immigration Judge at Petitioner's Bond Redetermination Hearing.

1    Since the Court's January 8, 2010 order, Petitioner has filed several emergency motions.
2 (Court Docs. 29, 31, 33, 34.)
3    During the Ninth Circuit proceedings, the appellate court consolidated Petitioner's appeals of
4 the district court decisions with the petition for review that Petitioner had filed regarding the BIA's
5 denial of his second motion to reopen his case.[2]  *Sofowora v. Holder*, 330 Fed. Appx. 151, at *1 (9th
6 Cir. 2009) (unpublished).  On August 3, 2009, the Ninth Circuit upheld the Board's decision and
7 dismissed Petitioner's appeal of the district court decisions as moot.[3]  *Id.*

## SUBJECT MATTER JURISDICTION

9    Habeas corpus relief is appropriate when a person "is in custody in violation of the
10 Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Habeas corpus
11 proceedings are available as a forum for statutory and constitutional challenges to the authority of the
12 Attorney General to order detention of a person.  *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001);
13 *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). The REAL ID Act of 2005, which
14 amended portions of 8 U.SC. § 1252, did not divest this court of jurisdiction over habeas petitions
15 that do not involve final orders of removal.  *Nadarajah*, 443 F.3d at 1075; *Ovchinnikov v. Clark*, 543
16 F. Supp. 2d 1265, 1268 (W.D. Wash. 2008) (stating that "[t]he REAL ID Act, however, did not
17 eliminate habeas jurisdiction over challenges to detention that are independent of challenges to
18 removal").  Here, Petitioner is challenging his continued detention rather than an order of removal;
19 thus, this Court has habeas corpus jurisdiction over the claims related to Petitioner's detention.

## DISCUSSION

21    A federal court may only grant a petition for writ of habeas corpus if the petitioner can show
22 that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3).  A habeas corpus
23 petition is the correct method for a prisoner to challenge the "legality or duration" of his

---

[2] Petitioner has previously filed a petition for review of the final order of removal in *Sofowora v. Gonazales*, Case No. 05-71780, with the Ninth Circuit. The Court of Appeals dismissed the petition for lack of jurisdiction on June 20, 2005.

[3] During the pendency of this petition, Petitioner has filed an additional petition for review and motion to stay in the Ninth Circuit (Case No. 09-74091, filed December 29, 2009). The Ninth Circuit granted a temporary stay of removal pursuant to Ninth Circuit General Order 6.4(c). On March 22, 2010, the Ninth Circuit dismissed the petition for lack of jurisdiction and lifted the stay. On August 6, 2010, Petitioner filed another petition for review with the Ninth Circuit (Case No. 10-72424), which is current pending before the Court of Appeals.

confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In the instant case, Petitioner states that he is being indefinitely detained by ICE in violation of his constitutional rights. This issue was addressed by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the United States Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority. *Id*. at 678. In addition, the Court held that the Immigration and Nationality Act's (INA) post-removal-period detention statute does not permit indefinite detention but "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id* at 689. When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." *Id*. at 699. In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," the Bureau's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration." *Id*. at 700. The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*. *Id*. at 701 (italics added). The burden is on the alien to show that there is no reasonable likelihood of repatriation. *Id*. ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). After six months and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

Petitioner contends that the Attorney General does not currently possess the authority to detain him as his detention has become prolonged, indefinitie, and unauthorized by any statute. (Pet. at 6-7.) In order to determine whether Petitioner's continued detention is authorized by statute, the Court "must first identify the statutory provision that purports to confer such authority on the

Attorney General." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Petitioner alleges that he is being detained pursuant to the INA § 236, codified in 8 U.S.C. § 1226. (Pet. at 5.) Respondent argues that pursuant to *Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir. 2008), Petitioner's detention stems from the INA § 241, codified as 8 U.S.C. § 1231(a). (Resp't Answer at 4.)

The Court finds Petitioner's citation to *Prieto-Romero* in support of his contention that his detention is governed by 8 U.S.C. § 1226, rather than § 1231, unavailing. Petitioner is not directly challenging his removal order; rather this instant action was filed while Petitioner was challenging the BIA's decision not to reopen Petitioner's case. *See Sofowora v. Holder*, 330 Fed. Appx. 151 at *1. In *Prieto-Romero*, the Ninth Circuit noted that:

> The beginning of the removal period is not delayed by every judicially entered stay . . . . Therefore, the entry of a stay of removal for any other reason-for example, a stay entered while a court reviews an alien's § 2241 habeas petition *or petition for review of the BIA's denial of a motion to reopen-does not prevent the removal period from beginning*.

*Prieto-Romero*, 534 F.3d at 1060, n.6 (emphasis added). Here, the removal period had begun as the deportation order from 1989 had long since become administratively final and Petitioner's case is not subject to the provision for a judicial stay under 8 U.S.C. § 1231(a)(1)(B)(ii) as Petitioner was seeking to reopen the proceedings. The Ninth Circuit explained that, "Section 1231(a)(1)(B)(ii) is inapplicable because, although Diouf's appeals to this court resulted in several stays of removal, those appeals did not entail judicial review of a *removal order*, as the plain text of the statute requires." *Diouf*, 542 F.3d at 1230 (emphasis in original). Thus, Petitioner's removal period has ended and the statutory basis for his subsequently detention is 8 U.S.C. § 1231(a)(6).

Even though the Court finds that Petitioner's custody is authorized by statute, this does not end the Court's inquiry into whether Petitioner is entitled to habeas corpus relief, such as a bond hearing. As Respondent admits, the Ninth Circuit explicitly left unanswered the question of whether aliens, such as Petitioner, who are collaterally challenging their removal orders are entitled to a bond hearing. *Diouf*, 542 F.3d at 1234-35. In *Diouf*, the Ninth Circuit stated that:

> [I]t remains unclear whether due process concerns would require a similar construction of § 1231(a)(6) in a case involving an alien, such as Diouf, who is not a legal permanent resident and who, unlike the alien in *Casas-Castrillon*, has been ordered removed by the BIA, has exhausted his opportunities to challenge that final

order of removal directly, and has previously been granted release on bond and had the bond cancelled for failure to timely depart

*Id*.

Even if due process requires a bond hearing for a petitioner who is collaterally challenging his removal, Petitioner is not entitled to habeas corpus relief as he was afforded the procedural safeguard of contesting "the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA." *Prierto-Romero*, 534 F.3d at 1066. Assuming *arguendo* that Petitioner possessed the right to a bond hearing, the immigration judge's finding that Petitioner was ineligible for a bond redetermination hearing was harmless as the immigration judge went on to make the determination that continued detention was necessary. *See Prieto-Romero*, 534 F.3d at 1066 (citing *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir. 1994) (due process violation in immigration proceedings is susceptible to harmless error analysis)). The immigration judge found that Petitioner "is unable to show that there is a significant likelihood that he would not be removed to Nigeria within the reasonable foreseeable future. To the contrary, the Immigration authorities are prepared to return him to Nigeria but for the stay issued by the Ninth Circuit. Therefore, his continued detention until his deportation is justified." ((Resp't Am. Suppl. Br. Att.) Additionally, the immigration judge found that Petitioner "is under an administratively final order of deportation and poses a significant flight risk . . . [Petitioner] 's previous failure to appear at the time and place in compliance with his deportation order further demonstrate his risk of flight." (Id.)

## EMERGENCY MOTIONS

As this order addresses the merits of Petitioner's claims, the Court finds moot Petitioner's emergency motions requesting conditional writ of habeas corpus and injunctive relief. (Court Docs. 29, 31, 33, 34.)

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;
2. The Clerk of Court is DIRECTED to enter judgment;
3. The Court DENIES Petitioner's emergency motions as moot; and
4. A certificate of appealability is not necessary. *Forde v. U.S. Parole Comm'n*, 114

1 | F.3d 878, 879 (9th Cir. 1997) (finding certificate of appealability not required as
2 | challenged detention does not arise out of process issued by state court.).
3 | IT IS SO ORDERED.
4 | **Dated:   September 30, 2010          /s/ John M. Dixon**
      UNITED STATES MAGISTRATE JUDGE